UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CATHY BALLENGER, )<br>)<br>            Plaintiff, )<br>)<br>    v.                                              )  CASE NO. 1:05-cv-0082-DFH-TAB<br>)<br>CENTRAL INDIANA ORTHOPEDICS, )<br>P.C., )<br>)<br>            Defendant. ) | |

ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Cathy Ballenger worked for defendant Central Indiana Orthopedics, P.C. ("CIO") until her termination in April 2004. Ballenger alleges that she was terminated in retaliation for complaining about a sexually hostile and harassing work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). CIO claims that it terminated Ballenger for insubordinate and inappropriate supervisory conduct.

CIO has moved for summary judgment on all of Ballenger's claims. Ballenger initially asserted claims of sexual harassment and sex discrimination under Title VII. She has withdrawn these claims in response to defendant's summary judgment motion, see Pl. Br. at 1 n.1, and CIO is entitled to summary judgment on them. Also, to the extent the retaliation claim is based on alleged incidents of retaliation occurring before Ballenger's termination, the claim is time-

barred because Ballenger did not file a timely charge with the EEOC concerning those incidents.

On the central claim of retaliatory termination, however, genuine disputes of material fact prevent summary judgment for defendant. When deciding a motion for summary judgment, the court must view conflicting evidence in the light reasonably most favorable to the non-moving party and must give her the benefit of any reasonable and favorable inference from that evidence. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court may not weigh the credibility of conflicting evidence. When viewed in this light, it is at least possible that a reasonable jury could find that CIO and its key decision-maker decided to fire Ballenger because of her prior complaints about actions she had perceived as a sexually hostile environment at work. Ballenger has come forward with evidence from which the jury might find, if it believes the evidence, that the decision-maker nursed a grudge and then took advantage of controverted events surrounding the seminar incident and its aftermath to terminate Ballenger on a pretext.

Accordingly, defendant's motion for summary judgment (Docket No. 22) is granted as to plaintiff's claims of sex discrimination and sexual harassment, and as to claims of retaliation before plaintiff's employment was terminated in April 2004. Defendant's motion is denied with respect to the claim for retaliatory termination in violation of Title VII, and evidence of time-barred incidents may still

be admissible at trial on the termination claim, of course. Trial remains scheduled for August 7, 2006, with a final pretrial conference on July 28, 2006.

So ordered.

Date: June 16, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Stephen L. Due
BINGHAM MCHALE
sdue@binghammchale.com

Ryan C. Fox
HASKIN LAUTER LARUE & GIBBONS
rfox@hlllaw.com

Joseph H. Hogsett
BINGHAM MCHALE, LLP
jhogsett@binghammchale.com